IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WING NUEN LIU, )
)
                Petitioner, )
)
v. )   Case No. 25-3036-JWL
)
C. CARTER, Warden, FCI-Leavenworth, et al., )
)
                Respondents. )
)
_____)

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. As more fully set forth below, the petition is **denied in part and retained under advisement in part**. Respondents shall file a supplemental response to the petition, as directed below, on or before **May 9, 2025**, and petitioner may file a supplemental reply brief on or before **May 23, 2025**.[1]

Petitioner is a native and citizen of the People's Republic of China who entered the United States in 1988 as a lawful permanent resident. In 1994, petitioner was convicted of murder in Illinois state court. In 1996, an immigration judge ordered petitioner's removal from the United States, and that removal order became final when petitioner's appeal was dismissed in 1997. In 2005, United States Immigration and Customs Enforcement (ICE)

---

[1] Petitioner's motion (Doc. # 9) to withdraw his previous motion for appointment of counsel is hereby granted, and the previous motion (Doc. # 5) is therefore deemed withdrawn. Petitioner's motion (Doc. # 6) to postpone appointment of counsel is hereby denied as moot.

officials took custody of petitioner from Illinois authorities; but in August 2006, after it failed to obtain travel documents for petitioner, ICE released petitioner from custody under an Order of Supervision (OSUP).  In May 2010, petitioner was convicted of a firearm offense in Illinois state court, and in 2011 ICE again took custody of petitioner from Illinois officials.  ICE was again unable to obtain the necessary travel documents, and in February 2012 petitioner was therefore released under another OSUP.  In 2022, petitioner was convicted in federal court in Illinois of a drug offense.  In 2023, ICE took custody of petitioner, but yet again it failed to obtain the necessary travel documents, and in December 2023 petitioner was released under another OSUP.

On January 22, 2025, ICE took petitioner into custody pursuant to an administrative arrest warrant, and he is presently detained at FCI-Leavenworth within this judicial district.  On March 3, 2025, petitioner filed the instant habeas action, in which he challenges his detention.  Respondents have filed an answer to the petitioner, and petitioner has filed a reply brief.

Petitioner argues that his continued detention by immigration authorities is improper.  To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S. C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal.  *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  The Court has discussed the relevant standard concerning detention pending removal, which standard petitioner invokes here, as follows:

> Under 8 U.S.C. § 1226, the Attorney General may arrest and detain an alien pending a determination of whether the alien is to be removed from the United States. Detention during this "pre-removal period" is considered definite because it terminates upon the immigration court's removal decision. *Id*. at 529.
>
> Upon the entry of a final removal order, the matter enters the "removal period," and the statutory authority for detention shifts to 8 U.S.C. § 1231. . . .
>
> After an order of removal becomes administratively final, the Attorney General "shall detain the alien" during the 90-day removal period established under 8 U.S.C. § 1231(a)(2). *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) and *Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005). Generally, the government is required to remove the alien held in its custody within the 90-day removal period. *See* 8 U.S.C. § 1231(a)(1)(A)–(B).
>
> While the government may detain an "inadmissible" or criminal alien beyond the statutory removal period, *see* 8 U.S.C. § 1231(a)(6), the government may not detain such an alien indefinitely. *Zadvydas*, 533 U.S. at 699. Instead, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *Id*. at 701. Beyond that period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. Furthermore, as the period of detention grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. The six-month presumption does not mean that every alien must be released after that time, but rather an alien may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

*See Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2 (D. Kan. Jan. 18, 2017) (Lungstrum, J.); *see also Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (quoting and applying this standard from *Anyimu*); *Madej v. Garland*, 2023 WL 1396195, at *1-3 (D. Kan. Jan. 31, 2023) (Lungstrum, J.) (same).

Petitioner's removal was originally authorized pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which allows for the deportation of an alien convicted of an aggravated felony. *See id.* As noted above, detention is mandatory during the 90-day removal period, and because petitioner is removable under Section 1227(a)(2), he may also be detained beyond the 90-day removal period. *See id.* § 1231(a)(6). In this case, because petitioner was taken into custody on January 22, 2025, his 90-day removal period did not end until April 22, 2025, mere days ago, and under the standard set forth above, petitioner's continued detention is authorized by statute and deemed presumptively reasonable.

Petitioner argues in his petition that because ICE has detained him and released him on multiple occasions in the past, his 90-day removal period and his six-month presumptively-reasonable period have long since expired. As respondents point out, however, and as petitioner does not dispute, courts have agreed that in such circumstance the removal-period clock restarts when an alien subject to a removal order is again detained by ICE. *See Leybinski v. United States Immigration and Customs Enforcement*, 2013 WL 132544, at *9 (S.D.N.Y. Jan. 8, 2013) (citing cases), *vacated as moot*, 553 F. App'x 108 (2d Cir. 2014). Indeed, in his reply brief, petitioner appears to condede this point, noting that after revocation of an alien's release, the 90-day removal period begins again. Accordingly, petitioner's claim under *Zadvydas* is premature, and the Court therefore denies any such claim in the petition.

Petitioner also argues that ICE officials have not shown that the latest revocation of his release comported with applicable regulations. The procedures found in 8 C.F.R. § 241.13 might apply to petitioner's situation because he was previously released on multiple

4

occasions when travel documents could not be obtained. *See id.* § 214.13(b)(1) (Section 241.4 governs unless there has been a determination of no significant likelihood of removal in the reasonably foreseeable future). Section 241.13(i) provides as follows:

> The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. Thereafter, if the alien is not released from custody following the informal interview provided for in section (h)(3) of this section, the provisions of § 241.4 shall govern the alien's continued detention pending removal.

*See id.* § 241.13(i)(2). Other provisions allow for the revocation of release if the alien has violated the conditions of release, *see id.* § 241.13(1), but respondents have not relied on any such violation, and petitioner insists that no such violation occurred (petitioner states that he was mistakenly accused of a violation when he was detained in January). Petitioner argues that ICE officials have not identified any "changed circumstances" that now create a significant likelihood of removal in the reasonably foreseeable future (SLRRFF). He also argues that respondents cannot show any such likelihood in light of the fact that they have been unable to obtain travel documents for petitioner on multiple occasions over a period a nearly 20 years. Petitioner thus argues that respondents have failed to make the required showing to revoke his release, and that his detention is therefore unlawful.

Respondents have not addressed the applicability of or compliance with Section 241.13(i). In addition, although respondents state in their brief that petitioner was detained "pursuant to an administrative arrest warrant," they have not identified the basis for any revocation of release. Accordingly, respondents are ordered to supplement their briefing to address those issues. Respondents should also update the Court on the status of

5

petitioner's detention and their removal efforts after the custody review that was to take place by April 22, 2025. Petitioner may then file a supplemental reply brief addressing the same issues. The Court thus retains under advisement this specific claim by petitioner.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied in part and retained under advisement in part**, as more fully set forth herein.

IT IS FURTHER ORDERED BY THE COURT THAT respondents shall file a supplemental response to the petition, as directed herein, on or before **May 9, 2025**; and petitioner shall file any supplemental reply brief on or before **May 23, 2025**.

IT IS FURTHER ORDERED THAT petitioner's motion (Doc. # 9) to withdraw his previous motion for appointment of counsel is hereby **granted**, and the previous motion (Doc. # 5) is therefore deemed withdrawn. Petitioner's motion (Doc. # 6) to postpone appointment of counsel is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 25th day of April, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge